MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Harvey I. Saferstein, Esq. (SBN: 49750)
Nada I. Shamonki, Esq. (SBN: 205359)
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Phone:  310.586.3200
Fax:  310.586.3202
hsaferstein@mintz.com; nshamonki@mintz.com

Attorneys for Defendants
CVS PHARMACY, INC.
and CVS CAREMARK CORP.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EINSTEIN COSMETICS, LLC and JOSEPH L. SHALANT,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS CAREMARK CORP., CVS PHARMACY And DOES 1-20, Inclusive,<br><br>Defendants. | Case No. CV10-640 AHM (AGRx)<br><br>**ANSWER OF DEFENDANTS CVS PHARMACY, INC. AND CVS CAREMARK CORP. TO COMPLAINT OF PLAINTIFFS EINSTEIN COSMETICS, LLC AND JOSEPH L. SHALANT**<br><br>Complaint filed December 22, 2009 |

Defendants CVS PHARMACY, INC. and CVS CAREMARK CORP. (collectively, "Defendants") answer the Complaint of Plaintiff EINSTEIN COSMETICS, LLC ("Einstein LLC") and JOSEPH L. SHALANT ("Shalant") (collectively, "Plaintiffs") as follows:

1.  Defendants admit the allegation that Einstein LLC was at all times relevant herein a California Limited Liability Company.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint, and therefore deny them.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint, except to admit that CVS Pharmacy, Inc. is a corporation doing business in California and throughout the U.S.A.

4. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore deny them.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint, except to admit that CVS Pharmacy, Inc. purchased cosmetic and skin care products from Einstein LLC for resale to the public in California and elsewhere through the U.S.A.

6. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore deny them.

7. Defendants state that the document speaks for itself and otherwise deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants state that the document speaks for itself and otherwise deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants state that the document speaks for itself and otherwise deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint, except to admit the existence of a written agreement between CVS Pharmacy, Inc. and Einstein LLC.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint, except to admit that Defendants have not paid Einstein LLC any part of the $250,000 prayed for in Plaintiffs' Complaint.

1   12.   With respect to the second sentence, Defendants state that it accurately
2   quotes a portion of the letter. Defendants further state that the document speaks for
3   itself and otherwise deny the allegations contained in paragraph 12 of the Complaint.
4   13.   Defendants deny the allegations contained in paragraph 13 of the
5   Complaint.
6   14.   Defendants admit that this Court has jurisdiction to consider the claims
7   in this action but otherwise deny the remaining allegations contained in paragraph 14
8   of the Complaint.
9   15.   Defendants deny the allegations contained in paragraph 15 of the
10  Complaint.
11  16.   The answers set forth in respect to paragraphs 1 through 15 above are
12  incorporated herein by reference.
13  17.   Defendants deny the allegations contained in paragraph 17 of the
14  Complaint.
15  18.   The answers set forth in respect to paragraphs 1 through 17 above are
16  incorporated herein by reference.
17  19.   Defendants deny the allegations contained in paragraph 19 of the
18  Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CAUSE OF ACTION)

The Complaint, and each and every cause of action therein, fail to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (CONTRACTUALLY ENTITLED HOLDBACK)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because Defendants were contractually entitled to withhold payment for half of the cost of the inventory stock provided by Plaintiff Einstein LLC until Plaintiffs'

products met sales expectations.

## THIRD AFFIRMATIVE DEFENSE
### (PLAINTIFFS' FAILURE TO MEET GUARANTEED SALE OBLIGATIONS)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because Plaintiff Einstein LLC failed to meet contractually agreed upon sales obligations.

## FOURTH AFFIRMATIVE DEFENSE
### (PLAINTIFFS' BREACH OF CONTRACT)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because Plaintiffs breached any agreement entered into between the parties.

## FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO PERFORM CONDITION PRECEDENT)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because Plaintiff Einstein LLC failed to perform conditions precedent to triggering Defendants' obligations to make any payments to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE
### (FAILURE OF PERFORMANCE)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because to the extent that Plaintiffs allege any breach, default, or failure to perform on the part of Defendants under any agreement between the parties, or otherwise, the fact of which is expressly denied, then such breach, default, or failure to perform was legally excused and discharged for reasons including but not limited to the material breach, default or failure to perform on the part of Plaintiffs under such agreement, or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Plaintiffs' Complaint, and each and every cause of action therein, are barred in whole or part by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
## (LACHES)

Plaintiffs' Complaint, and each and every cause of action therein, are barred in whole or part by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
## (WAIVER)

Plaintiffs' Complaint, and each and every cause of action therein, are barred in whole or part by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

Plaintiffs' Complaint, and each and every cause of action therein, are barred in whole or part because Plaintiffs have not behaved equitably, come to this Court with unclean hands, and should therefore be denied all relief.

## ELEVENTH AFFIRMATIVE DEFENSE
## (SET-OFF)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because any alleged monies owed by Defendants are set-off against monies owed to Defendants by Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE
## (NO PROPER AUTHORIZATION TO FILE COMPLAINT)

Defendants are informed and believe, and upon such information and belief allege, that the Complaint, and each and every cause of action therein, fail in whole or part because Plaintiffs' counsel did not receive proper authorization from a member of Plaintiff Einstein LLC to file the action.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (PLAINTIFF SHALANT DOES NOT HAVE AUTHORITY TO SPEAK ON BEHALF OF PLAINTIFF EINSTEIN LLC)

Defendants are informed and believe, and upon such information and belief allege, that the Complaint, and each and every cause of action therein, fail in whole or part because Plaintiff Shalant is no longer a member of the Plaintiff Einstein LLC and, therefore, does not have authority to speak on behalf of Plaintiff Einstein LLC. Alternatively, Defendants are informed and believe, and upon such information and belief allege, that the Complaint, and each and every cause of action therein, fail in whole or part because even if Plaintiff Shalant is a member of the Plaintiff Einstein LLC, he does not have authority to speak on behalf of Plaintiff Einstein LLC.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (MISJOINDER OF PLAINTIFF SHALANT)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because of the misjoinder of Plaintiff Shalant as a plaintiff in this action. Plaintiff Shalant is not a real party in interest in this action and, therefore, lacks the right to bring this action.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (ACTION PREMATURELY FILED BECAUSE CLAIMS NOT RIPE)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because the claims of Plaintiff Shalant are not ripe for adjudication and, therefore, the action was prematurely filed.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Plaintiffs' Complaint, and each and every cause of action therein, are barred in whole or part by the applicable Statutes of Limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (INDEPENDENT CONDUCT)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because the conduct of Defendants was and is reasonable and based upon independent, legitimate business and economic justifications.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (CAUSATION)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because Plaintiffs' own conduct and/or the conduct of third parties was the sole and proximate cause of whatever loss or damages Plaintiffs have allegedly incurred and/or will allegedly incur, if any.

## NINETEENTH AFFIRMATIVE DEFENSE
## (LAWFUL DEFENSE OF INTERESTS)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because Defendants acted lawfully in defense of their interests.

## TWENTIETH AFFIRMATIVE DEFENSE
## (DAMAGES OUTSIDE OF DEFENDANTS' CONTROL)

Plaintiffs' Complaint, and each and every cause of action therein, are barred in whole or part by damages caused by Plaintiffs or third parties outside of Defendants' control, and with respect to whose actions Defendants are not responsible.

## TWENTY FIRST AFFIRMATIVE DEFENSE
## (CONSENT/ RATIFICATION)

Plaintiffs' Complaint, and each and every cause of action therein, are barred in whole or part by Plaintiffs' acquiescence in and confirmation of any and all conduct and/or omissions alleged as to Defendants.

## TWENTY SECOND AFFIRMATIVE DEFENSE
## (FAILURE TO JOIN INDISPENSABLE PARTIES)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because Plaintiffs have failed to join indispensable parties.

## TWENTY THIRD AFFIRMATIVE DEFENSE
## (PLAINTIFFS' NEGLIGENCE)

Plaintiffs' Complaint, and each and every cause of action therein, fail in whole or part because the injuries complained of and the damages sought by Plaintiffs in the Complaint were caused directly and proximately by Plaintiffs' own fault, acts, or omissions.

## TWENTY FOURTH AFFIRMATIVE DEFENSE
## (ADDITIONAL DEFENSES)

Defendants hereby give notice that they intend to rely upon any additional defenses that become available or apparent during discovery and thus reserve the right to amend their Answer to assert such additional defenses.

WHEREFORE, Defendants pray for judgment on Plaintiffs' Complaint as follows:

1. Plaintiffs take nothing by way of their Complaint;
2. That Defendants be awarded judgment in their favor in this action;
3. That Defendants be awarded their attorneys' fees and costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: February 18, 2010

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC

*[signature]*

Harvey I. Saferstein
Nada I. Shamonki

*Attorneys for Defendants*
*CVS PHARMACY, INC.*
*and CVS CAREMARK CORP.*

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

I hereby certify that on February 18, 2010, I electronically filed the **ANSWER OF DEFENDANTS CVS PHARMACY, INC. AND CVS CAREMARK CORP. TO COMPLAINT OF PLAINTIFFS EINSTEIN COSMETICS, LLC AND JOSEPH L. SHALANT** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF registered parties.

I hereby certify that I have mailed the foregoing document via U.S. Postal Service First Class Mail to the non-CM/ECF participants indicated below:

James T. Biesty
Biesty Garretty & Wagner
5200 W. Century Blvd. Ste 880
Los Angeles, CA 90045
Phone: 213-617-9193

*Attorneys for Plaintiffs, EINSTEIN COSMETICS, LLC and JOSEPH L. SHALANT*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 18, 2010, at Los Angeles, California.

*/s/ Diane Endo*
DIANE ENDO

4826479v.1