MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Harvey I. Saferstein, Esq. (SBN: 49750)
Nada I. Shamonki, Esq. (SBN: 205359)
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Phone: 310.586.3200
Fax: 310.586.3202
hsaferstein@mintz.com; nshamonki@mintz.com

Attorneys for Defendant and Counterclaimant
CVS PHARMACY, INC. and
Defendant CVS CAREMARK CORP.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EINSTEIN COSMETICS, LLC and JOSEPH L. SHALANT, <br><br> Plaintiffs, <br><br> vs. <br><br> CVS CAREMARK CORP., CVS PHARMACY and DOES 1-20, Inclusive, <br><br> Defendants. | Case No. CV10-640 AHM (AGRx) <br><br> **CVS PHARMACY, INC.'S COUNTERCLAIM FOR BREACH OF CONTRACT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint filed December 22, 2009 |
| CVS PHARMACY, INC, <br><br> Counterclaimant, <br><br> vs. <br><br> EINSTEIN COSMETICS, LLC and JOSEPH L. SHALANT, <br><br> Counterdefendants. | |

1

## INTRODUCTION

Defendant and Counterclaimant CVS Pharmacy, Inc. ("CVS") brings this Counterclaim against Plaintiffs and Counterdefendants Einstein Cosmetics, LLC ("Einstein LLC") and Joseph L. Shalant ("Shalant") (collectively, "Counterdefendants") for breach of contract and alleges the following based upon its own records, and information and belief:

## PARTIES AND JURISDICTION

1. This Counterclaim is a compulsory Counterclaim and falls within the Court's supplemental jurisdiction, because it arises out of the same transaction and occurrence that is the subject matter of Plaintiffs' Complaint.

2. CVS Pharmacy, Inc. is a corporation incorporated under the laws of the state of Rhode Island and having its principal place of business in the state of Rhode Island.

3. Counterdefendant Einstein LLC is a California limited liability company with its principal place of business in Los Angeles, California. Each of its members or purported members are, on information and belief, California residents.

4. Counterdefendant Shalant, a California resident, has alleged in Plaintiffs' Complaint that he is the CEO and owner of 1/3 of Einstein LLC.

## FACTS COMMON TO ALL CLAIMS

5. This is an action for breach of the parties' business agreement and seeks monetary relief relating to Counterdefendant Einstein LLC's sale of its Einstein Lip Therapy cosmetics line ("Einstein Lip Therapy").

6. On October 17, 2006, Einstein LLC entered into a written agreement with CVS for the sale of Einstein Lip Therapy. Attached hereto as Exhibit A is a true and correct copy of the agreement.

7. Among other terms, paragraph 2(d) of the agreement entitled CVS to withhold payment for half of the cost of inventory stock of Einstein Lip Therapy (the "50% Holdback").

8. Paragraph 2(e) of the agreement further provided for Einstein LLC to refund the cost of unsold product if sales expectations were not met (the "Guaranteed Sale").

9. The 50% Holdback and Guaranteed Sale terms were typical contract terms, as had been explained to and understood by Einstein LLC, in CVS's agreement with new vendors or untested products such as Einstein LLC and Einstein Lip Therapy.

10. In January 2008, CVS informed Einstein LLC that it was retaining $250,000 -- in accordance with the 50% Holdback and Guaranteed Sale provisions of the agreement -- because Einstein Lip Therapy missed sales projections by $1 million in its first year alone.

11. Pursuant to the agreement, in April 2008, CVS discontinued Einstein Lip Therapy and requested payment from Einstein LLC for the unsold inventory, which was in excess of $1 million, in accordance with the Guaranteed Sale provision of the agreement.

12. On November 30, 2009, Counterdefendant Shalant sent to CVS a copy of an August 31, 2009 Judgment in <u>Shalant v. Einstein, et al.</u>, Case No. BC380498, from the Los Angeles Superior Court, in which Counterdefendant Shalant purported to have succeeded individually to Einstein LLC, and demanded payment from CVS of the $250,000 holdback, but with no discussion or offer regarding the $1 million plus obligation of Einstein LLC.

13. On December 22, 2009, Plaintiffs filed their Complaint against CVS seeking payment of the $250,000 holdback.

14. At the time of the filing of this Counterclaim, neither Einstein LLC nor Shalant have taken any steps to repay CVS for the $1 million plus inventory liability under the agreement.

///

///


**FIRST CLAIM FOR RELIEF**

**(Breach of Contract – Against Counterdefendant Einstein LLC)**

15. The allegations of Paragraphs 1 through 14 to this Counterclaim are incorporated herein by reference as if separately and fully set forth herein.

16. Counterdefendant Einstein LLC breached the October 2006 agreement relating to the sale of Einstein Lip Therapy by refusing and failing to repay the $1 million plus inventory liability incurred by CVS when it carried Einstein Lip Therapy in its stores.

17. At all relevant times, CVS performed all obligations required of it under the October 2006 agreement, except for those excused by Einstein LLC's breaches of the agreement.

18. As a direct and proximate result of Counterdefendant Einstein LLC's breach of contract, CVS has suffered and will continue to suffer substantial damages in an amount to be ascertained, if possible, at trial, but no less than $1 million.

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract – Against Counterdefendant Shalant)**

19. The allegations of Paragraphs 1 through 18 to this Counterclaim are incorporated herein by reference as if separately and fully set forth herein.

20. While CVS alleges and continues to contend that Shalant did not and does not have the authority to sue for and on behalf of Einstein LLC, CVS nevertheless contends that if Shalant does have such authority, then he has to have assumed and taken on the alter ego status of Einstein LLC. Based upon Shalant's pleadings herein, and assuming Shalant has authority to sue for Einstein LLC, Einstein LLC is not only influenced and governed by Counterdefendant Shalant, but, there is such a unity of interest and ownership that the separateness of Einstein LLC and Shalant has ceased, and that Counterdefendant Shalant has used and continues to use Einstein LLC to accomplish his own personal goals. To that end, Counterdefendant Shalant (a) purports to have succeeded individually to Einstein

Case 2:10-cv-00640-AHM-AGR   Document 14   Filed 02/18/10   Page 5 of 10   Page ID #:140

LLC, (b) claims to be the CEO of Einstein LLC, (c) purports to speak on behalf of Einstein LLC, and (d) directs actions of Einstein LLC for his sole personal benefit rather than for the best interests of Einstein LLC. Thus, the facts are such that an adherence to the fiction of the separate existence of Einstein LLC would, under the circumstances, sanction a fraud and promote injustice, and Shalant is equally liable for the breach of contract by Einstein LLC.

## PRAYER FOR RELIEF

WHEREFORE, as to all the causes of action set forth above, CVS respectfully prays for the following:

1. Recovery of damages from Counterdefendants Einstein LLC and Shalant, jointly and severally, in an amount not less than the inventory liability, namely, at least $1 million, and according to proof, for interest on said sum at the maximum rate of interest allowed by law;

2. Recovery of costs of suit incurred by CVS in this action; and

3. Such alternative or additional relief that the interests of justice may suggest or the Court deems just and proper.

Dated: February 18, 2010

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC

*/s/ Nada Shamonki*

Harvey I. Saferstein
Nada I. Shamonki

*Attorneys for Defendant and Counterclaimant CVS PHARMACY, INC. and Defendant CVS CAREMARK CORP.*

## DEMAND FOR JURY TRIAL

CVS PHARMACY, INC. hereby demands a jury trial with respect to its counterclaims.

Dated: February 18, 2010

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC

*/s/ Nada Shamonki*

Harvey I. Saferstein
Nada I. Shamonki

*Attorneys for Defendant and Counterclaimant CVS PHARMACY, INC. and Defendant CVS CAREMARK CORP.*

# EXHIBIT A

*1/31 - Amanda Returned to Melis:*

*2/1 - Cheryl has*

September 15, 2006

Ben Einstein
Einstein Cosmetics
30262 Crown Valley Parkway
Suite B #503
Laguna Niguel, CA 92677

RE: Einstein Lip Therapy

Dear Ben,
The following outlines the understanding of the CVS and Einstein Cosmetics business agreement:

1. **The Launch**

    a. CVS agrees to launch Einstein Lip Therapy in all 6100 CVS stores and CVS.com.
    b. Launch will commence with off shelf placement in Jan/Feb in approximately 6000 CVS stores and product will be delivered between ~~11/29-12/6, 2006.~~ 12/21 –
    c. In shelf plan-o-gram placement of Einstein Lip Therapy in all 6100 CVS stores will be delivered on February 6, 2007.
    d. CVS will support Einstein Lip Therapy with an ad program in the national CVS Circular (50M impressions per insertion) as mutually agreed.

2. **The Terms**

    a. Prompt Pay - 2% 30, net 31
    b. Damages - to be returned to Einstein Cosmetics
    c. Markdown on discontinued items to be funded @ 50% of Retail
    d. A one time hold back of 50% of the cost of the basic stock in shelf planogram order delivered on Febuary 6, 2006.
    e. Guaranteed sale – vendor will refund CVS of all product liability if product does not meet sales expectations within first year.
    f. Einstein Cosmetics pays for all fixturing.
    g. Live Co-op accrual of 14% to be deducted monthly to support mutually agreed upon monthly ad and SSU Plan (indicated below – months subject to change).
        i. Jan/Feb – Fishbowl Program
        ii. April & May – 2 pack clipstrip
        iii. July/August & Nov/Dec - Fishbowl Program
    h. Seasonal placement during Q1 & Q4 at the top of check out - $60k
    i. Beauty Advisor Program – 3 Beauty Box mailing - $ 6k plus sample cost
    j. Two ROP ads – $120k cost
    k. National Print ads (6- 1/3 of page) –estimated cost $240K
    l. One time employee launch coupon –estimated redemption of $90k
    m. One time CVS.com page and banner –cost of $10k

7

**Exhibit A**

3. **Exclusivity**

   a. Einstein Cosmetics agrees to offer CVS full U.S. exclusivity through December 31, 2007 in FDM (Food, Drug, Mass) with the exception of specialty retailers such as Barney's NY, Henri Bendel, Sephora, Ulta, etc. that offer validation of the product position.
   b. National Print exclusivity with ads tagged "Available at CVS/pharmacy" (can also include above mentioned specialty stores).

4. **The Marketing Plan**

   a. CVS will support the products with a promotional program as outlined on the attached calendar

Accepted and Agree

*[signature]*

Ben Einstien
Einstein Cosmetics

OCT. 17, 06
Date

Accepted and Agreed

_____
Cheryl Mahoney, VP Beauty
CVS

_____
Date

CVS
Legal Approval PRS

8
**Exhibit A**

<div style="text-align:center">**PROOF OF SERVICE**</div>

STATE OF CALIFORNIA  )
                     ) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067. On February 18, 2010, I served the following documents:

**CVS PHARMACY, INC.'S COUNTERCLAIM FOR BREACH OF CONTRACT; DEMAND FOR JURY TRIAL**

| ☒ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. |
|---|---|
|   | James T. Biesty<br>Biesty Garretty & Wagner<br>5200 W. Century Blvd., Ste. 880<br>Los Angeles, CA 90045<br>Phone: (213) 617-9193<br>Fax: (213) 620-0746<br><br>Attorneys for Plaintiffs<br>EINSTEIN COSMETICS, LLC and JOSEPH L. SHALANT |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 18, 2010, at Los Angeles, California.

*/s/ Diane Endo*
DIANE ENDO

4839149v.3

<div style="text-align:center">1
**PROOF OF SERVICE**</div>