BIESTY, GARRETTY & WAGNER
An Association of Professional Corporations
5200 W. Century Boulevard, Suite 880
Los Angeles, California 90045
By      : JAMES T. BIESTY - Bar #79441
File No.  : 9267A
Telephone : (213) 617-9193

Attorneys for Plaintiffs,
EINSTEIN COSMETICS, LLC &
JOSEPH SHALANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EINSTEIN COSMETICS, LLC and JOSEPH L. SHALANT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CVS CAREMARK CORP., CVS PHARMACY, and DOES 1-20, Inclusive,<br><br>　　　　　Defendants.<br><br>CVS CAREMARK CORP., CVS PHARMACY, and DOES 1-20, Inclusive,<br><br>　　　　　Counterclaimants<br><br>vs.<br><br>EINSTEIN COSMETICS, LLC and JOSEPH L. SHALANT,<br><br>　　　　　Counterdefendants | Case No. SV10-640-AHM (AGRx)<br><br>**PLAINTIFFS' AND COUNTERDEFENDANTS', EINSTEIN COSMETIC, LLC AND JOSEPH SHALANT'S RESPONSE TO DEFENDANT AND COUNTERCLAIMANT, CVS PHARMACY'S COUNTER CLAIM.**<br><br>[HON. A. HOWARD MATZ, Courtroom 14] |

Come Now counterdefendants Einstein Cosmetics, LLC ("Einstein") and Joseph L. Shalant who herewith answer the counterclaim of CVS Pharmacy, INC ("CVS") as

1

follows (with all references to paragraphs meaning the paragraphs in said counterclaim)

1. Counterdefendants neither admit nor deny the allegations in paragraph 1.

2. Counterdefendants admit paragraph 2.

3. Counterdefendants admit paragraph 3

4. Counterdefendants admit paragraph 4

5. Counterdefendants admit that paragraph 5 reads as alleged, but deny generally and specifically that there was such a "business agreement" that affords CVS any rights as against counterdefendants and further deny that they breached any valid agreement with CVS, or otherwise.

6. Counterdefendants deny specifically and generally in paragraph 6 that Exhibit A is a "contract." It is not a contract, but represents only, at most, discussions preliminary to entering a contract. Exhibit A is uncertain, indefinite, vague and undefined and does not and cannot represent that the parties had a meeting of the minds on the items mentioned in said writing. It was drafted by CVS and any indefiniteness in said writing must be interpreted against its maker, CVS. There was no sale on Feb. 6, 2006 and there was no agreement regarding "guaranteed sale" (or whatever this might mean) - certainly not connected with any "product liability." There was never any agreement on "sales expectations" or any obligation by Einstein to CVS for product CVS ordered with respect to how much they would sell. In all these respects counterdefendants deny generally and specifically any binding effect

2

upon them of Exhibit A.

7. Counterdefendants deny specifically and generally in paragraph 7 that said "paragraph (2d)" relates to anything binding relative to CVS so far as they are concerned. There was no Feb. 6, 2006 delivery and there was no holdback by CVS from any "shelf planogram order." If there was such an order, any "holdback" provision, if any, was waived by CVS by reason of not having timely exercised such purported holdback rights. Furthermore, there is no reference in Exhibit A to any "inventory" stock. For the foregoing and other reasons, counterdefendants deny specifically and generally each and every allegation contained in paragraph 7.

8. Counterdefendants deny specifically and generally the allegation in paragraph 8, and specifically deny, again, that Exhibit A is a "contract" that binds anyone under any circumstances with respect to "refund(ing) the cost of unsold product," and also deny that there was in Exhibit A or otherwise any agreement or agreed consequences regarding "sales expectations." Said paragraph 2e is also vague and indefinite with respect to "product liability," which term does not relate to anything relevant in any of the dealings between Einstein and CVS. "Sales expectations" was never quantified or agreed upon and was at no time meant by Einstein to be whatever CVS wanted it to be by their own self-serving definition.

9. Counterdefendants deny specifically and generally the allegations in paragraph 9 and further deny that such "terms" were ever explained to or understood by Einstein in the context of its dealings with CVS or otherwise.

10. Counterdefendants deny specifically and generally the allegations in paragraph 10, and also deny paragraph 10 because it cannot be determined from its wording

3

whether CVS is referring to an oral communication or to a writing. Counterdefendants do admit, however, that CVS did improperly retain $250,000 of funds owing to Einstein and its three (3) owners, including Shalant, for product ordered and delivered.

11. Counterdefendants deny generally and specifically the allegations in paragraph 11. Counterdefendants further deny there was an "agreement" or any rights or duties of the parties relating to sales expectations or refunds.

12. Counterdefendants admit in paragraph 12 that Shalant sent CVS the referenced Judgment, but deny generally and specifically that Shalant then or at any other time "purported to have succeeded individually to Einstein, LLC." Counterdefendants admit having demanded payment from CVS of the $250,000 owing to it for product sold and delivered and admit making no reference to any "1 million plus obligation" because counterdefendants deny now and deny in all other respects that there was or is any related "obligation of Einstein LLC."

13. Counterdefendants admit paragraph 12, but deny that it was ever a proper or agreed "holdback."

14. Counterdefendants deny generally and specifically paragraph 14 and any such obligation "to repay CVS for the $1 million plus inventory liability under the agreement." They further deny generally and specifically that any such "agreement" exists for the reasons stated above, but admit having "taken (no) steps" to do what Einstein has no obligation to do.

15. Counterdefendant Einstein denies generally and specifically the allegations of

4

paragraph 15 by reference as if separately and fully set forth herein the responses and allegations in counterdefendants' preceding paragraphs 1-14 of this answer.

16. Counterdefendant Einstein denies generally and specifically each and every allegation contained in paragraph 16, and also incorporates by reference its preceding answers herein to paragraph 1-15 of this answer.

17. Counterdefendant Einstein denies generally and specifically the allegations contained in paragraph 17, and also incorporates herein its preceding allegations in paragraphs 1-16 of this answer.

18. Counterdefendant Einstein denies generally and specifically the allegations in paragraph 18 and specifically also denies that CVS has suffered $1 million or any other sum as damages in connection with this action or anything else related to counterdefendant, or at all.

19. Counterdefendant Shalant denies generally and specifically the allegations of paragraph 19 by reference as if separately and fully set forth herein the responses and allegations in counterdefendants' preceding paragraphs 1-18 of this answer.

20. Counterdefendant Shalant, except as noted below, generally and specifically denies each and every allegation in paragraph 20. Shalant further, and additionally, denies that he ever purported "to have succeeded individually to Einstein, LLC" and denies that he has ever, in fact, done so.

    Shalant admits that he is the CEO of Einstein LLC and has authority to act on its behalf for the benefit of Einstein LLC and its three shareholders owners.

# AFFIRMATIVE DEFENSES
# TO COUNTERCLAIM

## AFFIRMATIVE DEFENSES

### Limited Liability Company

1. Einstein LLC is a Limited Liability Company and is solely liable for its actions. Its owners/shareholders are not personally liable for its actions or liabilities, if any. Counterdefendant Shalant is, thus, not liable for any actions or liabilities of Einstein LLC as alleged by CVS, or at all.

### Failure to State a Cause of Action

2. CVS has in its Counterclaim failed to state a valid cause of action against either Einstein or Shalant.

### Lack of Contract or Agreement

3. CVS has in its counterclaim failed to allege a valid, binding contract or any obligation owed to it through a valid, binding contract. It has and never had a right to withhold any funds of Einstein because it never obtained any permission or right from Einstein to do so and was obligated to pay for product ordered and delivered.

### Waiver

4. If CVS ever had a right to hold back monies owing to Einstein, it knowingly waived such a purported right.

### Estoppel

5. If CVS ever had any rights as asserted in its counterclaim, it is estopped from

6

asserting them by reason of its own behavior and failure to perform obligations voluntarily undertaken by it. It would be inequitable for CVS to not pay for goods it voluntarily purchased from Einstein.

## Contract of Adhesion

6. If there is a deemed to be a valid contract, which there is not, giving CVS rights as against either counterdefendant, said "contract" should be ruled unenforceable because it was imposed on Einstein as a Contract of Adhesion.

## Abuse of Process

7. CVS in its counterclaim is making false allegations, which it knows to be untrue and without merit, as a means of improperly coercing plaintiffs to drop their lawsuit. CVS and its counsel herein are maliciously suing Shalant on false pretenses known by them to be false, and for which Shalant will seek relief upon the conclusion of this case in his favor. In this regard, Shalant incorporates herein as part of this Affirmative Defense the letters his attorney sent to CVS' counsel with respect to the counterclaim as well as the only response by CVS' counsel. Letters are dated (attached collectively as Exhibit 'A'):

Feb. 25, 2010 - by Biesty
March 3, 2010 - by Biesty
March 9, 2010 - by Shamonki
March 18, 2010 - by Biesty

WHEREFORE, Counterdefendants pray that:

1. CVS take nothing by reason of its counterclaim, or at all;
2. That counterdefendants be awarded their costs of suit, and
3. Other remedies and relief as are just and proper

7

DATED: March 29, 2010

BIESTY, GARRETTY & WAGNER
An Association of Professional
Corporations


By: /S/ James T. Biesty
    JAMES T. BIESTY
    Attorneys for Plaintiffs,
    EINSTEIN COSMETICS, LLC and
    JOSEPH L. SHALANT

8

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5200 W. Century Boulevard, Suite 880, Los Angeles, California 90045.

On _____, I served the foregoing document described as **PLAINTIFFS AND COUNTERDEFENDANTS, EINSTEIN COSMETIC, LLC AND JOSEPH SHALANT'S RESPONSE TO DEFENDANT AND COUNTERCLAIMANT, CVS PHARMACY'S COUNTER CLAIM.**

on the interested parties in this action by placing __ the original __ a true copy thereof enclosed in a sealed envelope addressed as follows:

**\*\*SEE ATTACHED MAILING LIST\*\***

[ ]   **BY MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

[ ]   **BY PERSONAL SERVICE** - Such envelope(s) were delivered by hand to the offices of the addressee(s).

[ ]   **VIA FACSIMILE** - I transmitted to the above-named persons(s), at the FAX number(s) on the attached mailing list, the above named documents, pursuant to Rule 2008. The facsimile machine that I used complies with Rule 2003(3) and no error was reported.

[ ]   **VIA EXPRESS MAIL/OVERNIGHT DELIVERY** - I deposited in a box or other facility regularly maintained by an express service carrier providing overnight delivery or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

Executed on _____, at Los Angeles, California. I declare under penalty of perjury under the laws of California that the above is true and correct.

_____
SEAN GARRETTY

9

MAILING LIST
EINSTEIN v. CVS

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
Harvey I. Saferstein, Esq.
Nada I. Shamonki, Esq.
2029 Century Park East, Suite 1370
Los Angeles, CA  90067
(310)586-3200 Telephone
(310)586-3202 Facsimile

P9267A.