**BIESTY, GARRETTY & WAGNER**
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
5200 WEST CENTURY BOULEVARD, SUITE 880
LOS ANGELES, CALIFORNIA 90045

(213) 617-9193
FACSIMILE (213) 620-0746
EMAIL biestylaw@aol.com

March 18, 2010

Ms. Nada Shamonki, Esq
Mr. Harvey I. Saferstein, Esq
MINTZ LEVIN
2029 Century Park E. Ste 1370
Los Angeles CA 90067

   RE: Einstein Cosmetics LLC v. CVS Caremark, et al.

Dear Ms. Shamonki:

  Thank you for your March 9, 2010 letter. Unfortunately, you totally ignored my request and the court's dictate that we cooperatively address the issues in dispute as soon as possible and in preparation for our Early Meeting of Counsel to be held shortly. Please do that without further unnecessary delay and kindly refer to my last letter for the specifics.

  Secondly, you state, " During his collection efforts, Mr. Shalant claimed that the judgement in favor of Mr. Shalant and against Mr. Einstein and Ms. Strausheim demonstrated that he had succeeded individually to Einstein Cosmetics LLC."

  I believe in this regard that you are knowingly, and without any basis or evidence whatsoever, making this totally untrue allegation. I have seen nothing that enables you to make this statement in good faith. If you contend that I am mistaken in these characterizations, please promptly fax over and mail whatever you have in this connection from Mr. Shalant. I do not take this assertion of yours lightly - but am fully prepared to change my mind if you will show me that I am misguided.

  Thirdly, the complaint speaks clearly for itself and in no way whatsoever demonstrates that Mr. Shalant "is holding himself out as having succeeded individually to Einstein Cosmetics LLC." Instead, he is clearly saying that presently Einstein and Strausheim's interest in the $250,000.00 plus interest, while at least that much of the judgment he has against them remains owing, is in fact owed to him pursuant to said judgment. Essentially the same idea as the judgment which states:

  " *It is further ordered that this JUDGMENT shall apply toward whatever interest, if any, BENJAMIN EINSTEIN and/or AMY STRAUSHEIM may have in the claim of Einstein Cosmetics*

5445 OBERLIN DRIVE, SUITE 200, SAN DIEGO, CALIFORNIA 92121, (858) 622-7166

Einstein Cosmetics v. CVS Pharmacy
Nada Shamonki, Esq
pg 2
3/16/2010

*LLC (a.k.a. Einstein Cosmetics) as against CVS CAREMARK Corp. (a.k.a. CVS/pharmacy) up to and including the amount owed under this judgment.*

*As to CVS CAREMARK (a.k.a. CVS pharmacy), the foregoing is informative only and is not intended to be instructive. The Court has no jurisdiction at present over CVS CAREMARK (a.k.a CVS/pharmacy)."*

Thus, the complaint also offers no justification at all for your counterclaim, which appears to me to only be frivolous and malicious. Again, if you can, please set forth the specific language from the complaint which you contend affords you the right to claim in good faith that "Mr. Shalant is holding himself out as having succeeded individually to Einstein Cosmetics, LLC."

Lastly, in regard to your assertions as to what "we believe," what "testimony" or other evidence do you have to "demonstrate that both parties understood the meaning of the 'guaranteed sale' and 'holdback' clauses and that their mutual understanding supports CVS's behavior in this matter"? By reason your offering no writing demonstrating anything justifying the foregoing. I am going to, again, assume you have nothing and ask the court to do likewise unless you can provide me with such evidence. You are supposed to cooperate so as to narrow the issues and enable both sides to only litigate that which remains in dispute after a proper exchange of evidence. I am asking you very directly to please let me know what you have in this regard and to fax and mail it to me ASAP.

Once you provide the above requested materials, Mr. Shalant and I will be in a position to address your request that he dismiss himself from the action. Until that time, your counterclaim appears on all four to constitute a malicious pleading by CVS and your firm.

Lastly to reiterate, if you want my side to provide anything specific at this time, we are prepared to do so in the spirit of cooperation.

I await you earliest responsive reply.
Very Truly Yours,

BIESTY GARRETTY & WAGNER
An Association of Professional Corporations

James T. Biesty
Attorney At Law
jbiesty@biestylaw.com
ext. 228

# MINTZ LEVIN

Nada I. Shamonki | nshamonki@mintz.com

2029 Century Park East, Suite 1370
Los Angeles, CA 90067
310-586-3200
310-586-3202 fax
www.mintz.com

March 9, 2010

**VIA FACSIMILE AND FIRST CLASS MAIL**

James T. Biesty, Esq.
Biesty, Garretty & Wagner
5200 West Century Boulevard, Suite 880
Los Angeles, CA 90045

    *Re:*   *Einstein Cosmetics, LLC, et al. v. CVS Caremark Corp., et al.*
           **Case No. CV10-640 AHM (AGRx)**

Dear Jim:

      We are responding to your letters of February 25 and March 3, 2010.

      CVS's counterclaim against Mr. Shalant is not, as you suggest, without merit, legal support, or malicious. Indeed, it is based upon Mr. Shalant's own claim. CVS's counterclaim against Mr. Shalant stems from Mr. Shalant's actions during his attempts to collect the $250,000 that is at issue in this litigation. During his collection efforts, *Mr. Shalant* claimed that the judgment in favor of Mr. Shalant and against Mr. Einstein and Ms. Strausheim demonstrated that he had succeeded individually to Einstein Cosmetics LLC. Thereafter, Mr. Shalant's decision to name himself as an individual plaintiff in this action -- despite the fact that he was never a party to any agreements with CVS and has no legal basis for individually pursuing any claims against CVS -- further demonstrated that Mr. Shalant is holding himself out as having succeeded individually to Einstein Cosmetics LLC. If Mr. Shalant no longer purports to have succeeded individually to Einstein Cosmetics LLC, and is willing to dismiss himself as a plaintiff from the lawsuit, then we would be willing to amend our counterclaim to dismiss the claim against Mr. Shalant.

      Your letters also failed to adequately address our concerns that you do not have proper authority to pursue this action on behalf of Einstein Cosmetics LLC. As I shared with you in my February 18, 2010 email communication, the information we have uncovered indicates that Mr. Shalant no longer owns any portion of the company and, even if he does, he is not authorized to make decisions on behalf of the company. We will need to review copies of all documents that relate to the formation and management of the company and, more specifically, any documents that show that Mr. Shalant is the CEO and 1/3 owner of Einstein Cosmetics LLC as you claim, and how that gave him authority to have Einstein Cosmetics LLC sue CVS.

      Finally, we disagree with your analysis of the merits of CVS's breach of contract claim. In the event the written terms of the contract are ambiguous, pursuant to Civil Code section 1636, the contract must be interpreted to give effect to the mutual intention of the parties as it

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

March 9, 2010
Page 2

existed at the time of contracting. We believe that the evidence -- including testimony from Ben Einstein, the company's signatory on the contract -- will demonstrate that both parties understood the meaning of the "guaranteed sale" and "holdback" clauses and that their mutual understanding supports CVS's behavior in this matter.

Please let us know if Mr. Shalant will be dismissing himself as a plaintiff from the lawsuit and we will take steps to amend our counterclaim to dismiss our claim against him.

Sincerely,

Nada I. Shamonki

cc: Harvey I. Saferstein, Esq.

**BIESTY, GARRETTY & WAGNER**
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
5200 WEST CENTURY BOULEVARD, SUITE 880
LOS ANGELES, CALIFORNIA 90045

(213) 617-9193
FACSIMILE (213) 620-0746
EMAIL biestylaw@aol.com

March 3, 2010

Nada Shamonki, Esq
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, PC
2029 Century Park E # 1370
Los Angeles CA 90067

        RE: Case No. CV10-640AHM (AGRx)
        My Clients: Einstein Cosmetics, LLC and Joseph Shalant
        Your Clients: CVS Pharmacy, Inc. And CVS Caremark Corp.

Dear Ms. Shamonki:

    I inadvertently failed to address your Feb 18th, 2010 letter, and will do so now. Your interjecting Mr. Shalant's Bar issues are not only irrelevant, but also indicative of how defensive you must feel as to the merits of CVS's position. Whatever you might think of Mr. Shalant, I have met very few people in my lifetime who are as capable and forthcoming as he – and you might agree if you knew more about him and those cases that went to the Bar. None of that matters in this case, which will be decided on the documents, as discussed in my last letter.

    Mr. Shalant is still the CEO and 1/3 owner of the Company. He never relinquished those roles, but may have once, tentatively and conditionally, indicated a willingness to do so had CVS paid what it owed and had he and Einstein and Strausheim then subsequently agreed to acceptable arrangements. That never happened.

    Also, CVS gave no consideration for anything within Einstein Cosmetics LLC that involved CVS, and CVS was obligated to pay the full $770,140.00 and not some lesser amount. Do you have any signed agreement verifying that my clients had agreed to accept anything other than full payment?

    I think that you are also magnifying the holes in your case by referring to "inventory stock," and also not the specific "shelf planogram order delivered on February 6, 2006." Please see my last letter for a more complete analysis of the merits of our respective positions.

    After you respond meaningfully to my last letter, we should next set the Early Meeting of Attorneys.

Nada Shamonki
Einstein v. CVS
pg 2

Very truly yours,

BIESTY, GARRETTY & WAGNER
An Association of Professional Corporations

James T. Biesty
Attorney At Law
Jbiesty@biestylaw.com
ext. 228

**BIESTY, GARRETTY & WAGNER**
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
5200 WEST CENTURY BOULEVARD, SUITE 880
LOS ANGELES, CALIFORNIA 90045

(213) 617-9193
FACSIMILE (213) 620-0746
EMAIL BIESTYLAW@AOL.COM

February 25, 2010

Harvey Saferstein, Esq
Nada Shamonki, Esq
MINTZ LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C
2029 Century Park E # 1370
Los Angeles CA 90067

> RE: Case No. CV10-640 AHM (AGRx)
> My Clients: Einstein Cosmetics, LLC and Joseph Shalant
> Your Clients: CVS Pharmacy, Inc. and CVS CAREMARK CORP.

Dear Counsel:

    I want to advise you that my client, Mr. Shalant, and I were dismayed by your highly inappropriate counterclaim against Mr. Shalant. It is completely without merit, or any legal support and is in my judgement without evidentiary foundation and, therefore, malicious. Unless you promptly dismiss it with prejudice, I expect that, upon verdict for Mr. Shalant on said action, he will then file a malicious prosecution case against all those responsible for filing and maintaining it. Please let me know if you want to further discuss this issue and whether you will dismiss the action as requested.

    For many reasons, among which are the following, your counterclaim lacks merit.

1. There is no dispute that Einstein LLC is a California Limited Liability Company. Such an entity, like any corporation, effectively limits liability for its actions to the LLC itself, and any such liability does not extend to its shareholders or owners.

2. Your paragraph 12 is baseless. There is no foundation for your allegation that the judgment in favor of Shalant and against B Einstein and A. Strasheim in any way means or suggests that "Shalant purported to have succeeded individually to Einstein (Cosmetics) LLC". In fact, it is crystal clear that said judgment, as also set forth in the complaint against your clients, only "appl(ies) toward whatever interest, if any, Benjamin Einstein and/or Amy Strausheim may have in the claim of Einstein Cosmetics LLC as against CVS...up to and including the amount owed under this judgment."

    Said judgment is only relevant to CVS as indicating that whatever it might owe Einstein LLC will be subject to Shalant's judgment when, and only when, it is enforced by Shalant

Einstein v. CVS
February 25, 2010
pg. 2

      against B Einstein's and A Strausheim's personal expectancy from their interest in Einstein LLC's credit as against CVS. Shalant's personal rights against his two partners was also limited to collecting the remaining amount owed under his judgement. This is a very far cry from Shalant's having "succeeded individually to Einstein LLC."

3.    Your paragraph 20 irrationally connects Shalant's suing CVS for monies owed "to plaintiffs Einstein LLC and to Shalant, Einstein and Strausheim, on their behalf and on behalf of Einstein LLC"–see paragraphs 17 and 18 of the complaint–with Shalant's having "assumed and taken on the alter ego status of Einstein LLC." Said paragraph 20 continues without any basis to assert, in effect, that if Shalant can sue on behalf of Einstein LLC to recover for said company monies owed by CVS, he then has "such a unity of interest and ownership that the separateness of Einstein LLC and Shalant has ceased and that .... Shalant has used and continues to use Einstein LLC to accomplish his personal goals." You then go on to allege that "Shalant purports to have succeeded individually to Einstein LLC" and that Shalant "directs actions of Einstein LLC for his sole benefit rather than the best interests of Einstein LLC." And all for Shalant's actions as CEO of a limited liability company seeking to collect for Einstein LLC and its shareholders $250,000.00 plus interest that a huge corporation owes for having purchased product from tiny Einstein LLC.

      Before answering your baseless counterclaim, I am affording you a "safe harbor" opportunity to avoid sanctions for that action, and a potential subsequent lawsuit for malicious prosecution. Please let me know at your very earliest opportunity whether you will dismiss this action.

      Secondly, and in the way of cooperating with each other as ordered by the court, and also to be ready for our Early Meeting of Counsel, I would appreciate if you would clarify the following:

    1. In paragraph 5 of your counterclaim, you refer to the "parties' business agreement." Please provide me with whatever documents you contend comprise said agreement.

    2. Is your "Exhibit A" what you contend is either the agreement or one of the agreements between Einstein LLC and CVS for the sale of product? If it is, are you also contending that it is a binding agreement affording a holdback entitlement against "inventory stock," or it is a holdback against "the basic stock in shelf planogram order delivered on Feb. 6, 2006"? And was there an order delivered on that date? If not, then do the defendants have any holdback rights whatsoever? Please also advise when, according to you, the planogram order was delivered and the dollar amount thereof paid or to be paid by CVS to Einstein LLC. How much money from

Einstein v. CVS
February 25, 2010
pg. 3

that order was withheld, and as of what date? If CVS paid in full for that order, did it not knowingly thereby waive any possible right it might have had a holdback?

     3. With respect to your paragraph 7 and paragraph 2 (e) of the "agreement," does not "product liability" have a definition that has nothing to do with sales volume or sold or unsold product? More importantly, in which document is it evidenced that there was ever a meeting of the minds on the definition of "sales expectation," or a written, binding agreement as to what that means or whether CVS' or Einstein LLC's definition might apply. It is basic contract law "that the contract terms (must be) clear enough that the parties could understand what each is required to do." CACI 302(1). Your equating your Exhibit A to a binding (?) written agreement when the terms "sales expectations" is totally vague and indefinite defies all the accepted definitions of a contract, which must be "sufficiently definite" or "reasonably certain." See "Sources of Authority" following CACI 302(I). At best for CVS, Exhibit A might be interpreted as a proposal for a set of terms left for future determination and subsequent agreement. Undoubtedly, by its utter vagueness, the term "meet sales expectations" would have had different meanings to CVS and Einstein LLC. Unless you have a subsequent signed written agreement specifically quantifying the parameters for sales expectation, you do not have any contract rights pursuant to 2 (e) of that writing.

     Lastly, in regard to the Sept. 15, 2006 letter, it was drafted by your enormous corporate client and must be interpreted against its drafter. 2(e) is, in my considered opinion, not a contract provision, and is certainly not in any manner binding on Einstein LLC. If you have some such written agreement which spells out the meaning of "sales expectations" please provide it to me as soon as possible.

     If there is something that you want from me or my client that can simplify and expedite the handling of this case, please let me know.

Very truly yours,

BIESTY, GARRETTY & WAGNER
An Association of Professional Corporations

James T. Biesty
Attorney at Law
jbiesty@biestylaw.com
ext 228